# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 15-24285-Civ-COOKE/TORRES

DENA LAVORA,

      Plaintiff,

vs.

NCL (BAHAMAS) LTD., a Bermuda
company doing business as
Norwegian Cruise Line,

      Defendant.

_____/

### ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

This is a personal injury case. Plaintiff Dena Lavora (f/k/a Dena Vaclavik) alleges she was injured when she slipped and fell on the stairs leading down from the hot tub deck aboard Defendant NCL (Bahamas) Ltd.'s cruise ship vessel, the *Getaway*. She claims Defendant's negligence caused her injury.

Pending is Defendant's Motion for Summary Judgment. (ECF No. 58). For the reasons that follow, I grant the motion.

### BACKGROUND

Plaintiff was a passenger for a cruise onboard the *Getaway* that began on October 17, 2015. (ECF No. 16 ¶¶ 7, 8). On the second evening of her cruise, she used a hot tub on the *Getaway*'s pool deck. (ECF 58-1 at 81). The hot tub is raised above the level of the pool deck with a short flight of stairs down. (ECF No. 58-2). Plaintiff walked approximately half-way down the stairs before pausing to put on her shoes and cover herself with a towel. (ECF No. 58-1 at 85). When she continued down the stairs, she fell and fractured her ankle in three places. (*Id.* at 43, 46).

Plaintiff claims that the stairs were wet and slippery, causing her to lose her balance and fall. (*Id.* at 94, 96, 103). She alleges, *inter alia*, that the Defendant breached its duty of care for her safety by failing to eliminate hazardous conditions, failing to properly maintain, warn, and inspect for such hazards, failing to keep the hot tub stairs dry, and negligently designing or employing hot tub stairs that lacked adequate slip resistance. (ECF No. 16).

## STANDARD OF REVIEW

Summary judgment "shall be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Allen v. Tyson Foods, Inc.*, 121 F.3d 642 (11th Cir. 1997) (quoting Fed. R. Civ. P. 56(c)) (internal quotations omitted); *Damon v. Fleming Supermarkets of Florida, Inc.*, 196 F.3d 1354, 1358 (11th Cir. 1999). Thus, the entry of summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

"The moving party bears the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). "Only when that burden has been met does the burden shift to the non-moving party to demonstrate that there is indeed a material issue of fact that precludes summary judgment." *Id.*

Rule 56 "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324. Thus, the nonmoving party "may not rest upon the mere allegations or denials of his pleadings, but must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (internal quotation marks omitted).

"A factual dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Damon*, 196 F.3d at 1358. "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." *Abbes v. Embraer Servs., Inc.*, 195 F. App'x 898, 899-900 (11th Cir. 2006) (quoting *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990)).

When deciding whether summary judgment is appropriate, "the evidence, and all inferences drawn from the facts, must be viewed in the light most favorable to the non-moving party." *Bush v. Houston County Commission*, 414 F. App'x 264, 266 (11th Cir. 2011).

## DISCUSSION

General maritime law applies to cases, such as this one, that allege torts committed

2

aboard cruise ships sailing in navigable waters. *See Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1321 (11th Cir. 1989). The basic elements of a claim for negligence under general maritime law are the same as at common law. *Whelan v. Royal Caribbean Cruises Ltd.*, 2013 WL 5583970, *4 (S.D. Fla. 2013). Plaintiff must prove that: (1) Defendant had a duty to protect her from a particular injury; (2) Defendant breached that duty; (3) Defendant's breach was the proximate cause of her injuries; and (4) she suffered damages as a result of her injuries. *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1336 (11th Cir. 2012); *see Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625 (1959) (shipowner owes passenger duty of care).

To prove that Defendant breached its duty, Plaintiff must show that: (1) a dangerous condition existed; and (2) that Defendant had actual notice of the dangerous condition. *See Adams v. Carnival Corp.*, 2009 A.M.C. 2588, at *3 (S.D. Fla. 2009) (citing *Keefe*, 867 F.2d 1318). A dangerous condition is one that is not apparent and obvious to the passenger. *Smolnikar v. Royal Caribbean Cruises, Ltd.*, 787 F. Supp. 2d 1308, 1315 (S.D. Fla. 2009). The mere fact that an accident occurs does not give rise to a presumption that the setting of the accident constituted a dangerous condition. *See Isbell v. Carnival Corp.*, 462 F. Supp. 2d 1232, 1237 (S.D. Fla. 2006).

Here, Defendant argues four grounds for summary judgment: (1) surveillance footage proves that Plaintiff did not slip in water – rather, she missed a step and fell of her own accord; (2) there is no evidence that Defendant was on notice of the alleged risk-creating condition; (3) the risk of water being present on the hot tub stairs was open and obvious to a person through ordinary use of their senses; and (4) there is no evidence that Defendant negligently maintained or inspected the stairs, failed to train or supervise its crewmembers, or negligently designed the stairs and flooring material. (ECF No. 58).

I agree that summary judgment is warranted.

Plaintiff cannot prove she fell because of a dangerous condition. She testified she put her shoes and cover up on while on the hot tub deck, held the handrail the "entire time" she walked down the stairs, and then slipped and fell in water. (ECF 58-1 at 81, 86). Defendant disputes that account: "Plaintiff admitted to drinking 'approximately' six (6) drinks, but purchased fourteen (14). She walked halfway down the stairs, teetered on one leg to reach back and grab her clothes, staggered back losing her balance, put her hand down on the stairs to steady herself, then turned and immediately missed a step." (ECF 58 at 5-6).

Defendant points to Plaintiff's drink receipts (ECF No. 58-4) and surveillance footage of the incident (conventionally filed with the Court, *see* ECF Nos. 59-60) as support for its assertions.

The evidence confirms Defendant's version of events. The drink receipts indeed indicate that Plaintiff purchased fourteen drinks – eight beers and six shots of tequila – on the day of the incident (ECF No. 58-4), and she herself admits to drinking both beer and tequila that day (ECF 58-1 at 72-77). *See Collins v. Marriott Int'l, Inc.*, 749 F.3d 951, 959 (11th Cir. 2014) (evidence of plaintiff's intoxication is "normally relevant" in tort cases); *see also Frazee v. Gillespie*, 98 Fla. 582, 593 (1929) (evidence of intoxication relevant in tort case "in view of the fact that negligent and reckless conduct so frequently results from intoxication").

More importantly, however, the surveillance footage clearly shows that Plaintiff: (1) exited the hot tub area and walked part way down the stairs to the pool deck; (2) stopped, turned around and reached across the stairs on one leg to retrieve an item from the hot tub area; (3) paused to put on her shoes and a garment; (4) turned back around to continue down the stairs; and (5) missed the bottom step and fell. *See Yaicel De La Caridad Sanchez v. Sears, Roebuck & Co.*, 2015 WL 6599696, *3 (S.D. Fla. 2015) (granting summary judgment in slip-and-fall case where surveillance footage contradicts plaintiff's version of events) *Davis v. Waffle House, Inc.*, 2015 WL 12643849, at *1 (S. D. Fla. 2015) (video documenting plaintiff's fall is "proof of the underlying facts surrounding the incident"); *Bencosme v. Target Corp.*, 2014 WL 1912344, at 2 (S.D. Fla. 2014) (granting summary judgment where plaintiff's claim "flies in the face of the undisputed surveillance video of Plaintiff's slip-and-fall incident"); *see also Mitchell v. Royal Caribbean Cruises, Ltd.*, 2013 WL 8283958, at *1 (S. D. Fla. 2013) (video footage "reliable evidence" in slip-and-fall case). I have reviewed the footage dozens of times and conclude that no reasonable jury could find otherwise. *See Abbes*, 195 F. App'x at 899-900.

Accordingly, summary judgment is appropriate.[1]

## CONCLUSION

It is, therefore, **ORDERED** and **ADJUDGED** that Defendant's Motion for

---

[1] Because the surveillance footage is dispositive, I need not address Defendant's other arguments.

Summary Judgment (ECF No. 58) is **GRANTED**. The Clerk shall **CLOSE** this case.  All pending motions, if any, are **DENIED** *as moot*.

> **DONE** and **ORDERED** in chambers at Miami, Florida, this  15th day of December 2016.

*[signature]*
_____
MARCIA G. COOKE
United States District Judge


Copies furnished to:
*Edwin G. Torres, U.S. Magistrate Judge*
*Counsel of Record*